MARY KATE SULLIVAN (State Bar No. 180203)
THOMAS N. ABBOTT (State Bar No. 245568)
R. TRAVIS CAMPBELL (State Bar No. 271580)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
GREEN TREE SERVICING LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| HOWARD D. WALLACE, an individual and co-borrower; ROBIN A. WALLACE, an individual and co-borrower, <br><br> Plaintiffs, <br><br> vs. <br><br> GREEN TREE SERVICING, LLC, a business entity; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 14-cv-01093-LKK-CKD <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> [Filed concurrently with Request for Judicial Notice; [Proposed] Order] <br><br> Date:     July 28, 2014 <br> Time:     10:00 a.m. <br> Crtrm.:   4; 15th Floor <br> Judge:    Hon. Lawrence K. Karlton <br><br> Action Filed:     March 28, 2014 <br> Action Removed: May 2, 2014 <br> Trial Date:       None Set |

**TO THE COURT, PLAINTIFFS AND THERE ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on Monday July 28, 2014 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 4; 15th Floor of the above entitled Court located at 501 I Street, #4-200, Sacramento, California 95814, defendant GREEN TREE SERVICING LLC ("Green Tree") will and hereby does move the Court to dismiss the Complaint of plaintiffs HOWARD D. WALLACE and ROBIN A. WALLACE ("Plaintiffs") without leave to amend.  This motion is made and based upon Federal Rules of Civil Procedure 8(a) and 12(b)(6) on the substantive grounds that allegations contained in the Complaint fail to state a claim upon which relief can be granted.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, Request for Judicial Notice filed herewith and upon all pleadings, papers, and documents on file herein, as well as any oral argument which may be presented at the time of hearing or any matters of which judicial notice is requested and/or is taken.

DATED:  June 6, 2014                       SEVERSON & WERSON
                                           A Professional Corporation


                                           By:      /s/R. Travis Campbell
                                                  ─────────────────────────
                                                    R. Travis Campbell

                                           Attorneys for Defendant
                                           GREEN TREE SERVICING LLC

11293.0380/3240401.1

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................... 1

II. FACTUAL BACKGROUND .................................................................................. 2

    A.    Loan Origination History .................................................................... 2

    B.    The Alleged Oral Agreement To Modify The Loan ........................... 2

III. ARGUMENT ....................................................................................................... 3

    A.    Standard On Motion To Dismiss Pursuant To Rule 12(b)(6) .................. 3

    B.    The Breach Of Contract Claim Fails .................................................. 3

        1.    Oral Agreements To Modify Loans Secured By Deeds Of Trust Are Not Enforceable .................................................... 4

        2.    Plaintiffs Do Not Allege That They Supplied Green Tree With All The Necessary Paper Work To Obtain A Modification .................................. 5

    C.    The Violation Of Covenant of Good Faith And Fair Dealing Claim Fails ............... 5

    D.    The Quiet Title And Declaratory Relief Claims Fail ......................... 6

        1.    The Trustee's Deed Upon Sale Creates A Rebuttable Presumption That Foreclosure Proceedings Were Conducted Properly ........................... 7

        2.    Plaintiffs Have Not Tendered The Amount Due On The Loan ..................... 8

        3.    Plaintiffs Have Not Alleged How Any Defect In The Foreclosure Caused Them Prejudiced .................................................... 8

    E.    The Fraud Claim Fails ....................................................................... 9

        1.    Plaintiffs Have Not Sufficiently Identified Any Misrepresentation .............. 9

        2.    Plaintiffs' Cannot Establish Justifiable Reliance ........................... 10

        3.    Plaintiffs' Alleged Damages Were Caused By Their Failure To Bring The Loan Current Not Green Tree's Alleged Misrepresentation ................... 11

    F.    The UCL Claim Fails As A Matter Of law ....................................... 12

        1.    Section 2923.5 Of The Civil Code Does Not Require Green Tree To Offer Plaintiffs A Modification ................................ 12

        2.    The UCL Claim Is Derivative Of Plaintiffs' Other Claims ................... 13

IV. CONCLUSION ................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Aquino v. JP Morgan Chase Bank N.A.*,
  2014 WL 261836 (N.D. Cal. Jan. 23, 2014) ........................................................... 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................. 2

*Banaga v. Taylor Bean Mortg. Co.*,
  2011 WL 5056985 (N.D. Cal. Oct. 24, 2011) ........................................................ 6

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................. 2

*Cahill v. Liberty Mut. Ins. Co.*,
  80 F.3d 336 (9th Cir. 1997) ..................................................................................... 2

*Clark v. Countrywide Home Loans, Inc.*,
  732 F.Supp.2d 1038 (E.D. Cal. 2010) ................................................................. 3, 6

*DeLeon v. Wells Fargo Bank N.A.*,
  2011 WL 311376 (N.D. Cal. Jan. 28, 2011) ........................................................... 7

*Hafiz v. Nationstar Mortgage*,
  2014 WL 786279 (N.D. Cal. Feb. 20, 2014) ......................................................... 13

*Harvey v. Bank of America, N.A.*,
  2013 WL 632088 (N.D. Cal. Feb. 20, 2013) ......................................................... 14

*Hosseini v. Wells Fargo Bank, N.A.*,
  2013 WL 4279632 (N.D. Cal. Aug. 9, 2013) ........................................................... 7

*Jones v. CitiMortgage, Inc.*,
  2013 WL 1704304 (E.D. Cal. Apr. 19, 2013) .......................................................... 3

*Juarez v. Suntrust Mortgage, Inc.*,
  2013 WL 1983111 (E.D. Cal. May 13, 2013) .......................................................... 3

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ............................................................................... 13

*Keen v. American Home Mortg. Servicing, Inc.*,
  664 F.Supp.2d 1086 (E.D. Cal. 2009) ..................................................................... 6

*Montoya v. Countrywide Bank, F.S.B.*,
  2009 WL 1813973 (N.D. Cal. June 25, 2009) ......................................................... 8

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF

*Newgent v. Wells Fargo Bank, N.A.,*
   2010 WL 761236 (S.D. Cal. March 2, 2010).................................................. 5

*Ogilvie v. Select Portfolio Servicing,*
   2012 WL 4891583 (N.D. Cal. Oct. 12, 2012).............................................. 14

*Paulsen v. CNF Inc.,*
   559 F.3d 1061 (9th Cir. 2009) ..................................................................... 2

*Reiydelle v. J.P. Morgan Chase Bank,*
   2014 WL 312348 (N.D. Cal. Jan. 28, 2014) ................................................ 7

*Reyes v. Wells Fargo Bank, N.A.,*
   2011 WL 30759 (N.D. Cal. Jan. 3, 2011) ................................................... 4

*Rodela v. Guild Mortgage Co.,*
   2012 WL 169772 (E.D. Cal. Jan. 19, 2012) ............................................... 4

*Smith v. Nat. City Bank,*
   2010 WL 1729392 (N.D. Cal. Apr. 27, 2010) ............................................ 5

*Sprewell v. Golden State Warriors,*
   266 F.3d 979 (9th Cir. 2001) ...................................................................... 2

*Vess v. Ciba–Geigy Corp. USA,*
   317 F.3d 1097 (9th Cir. 2003) .................................................................. 10

**STATE CASES**

*Abdallah v. United Savings Bank,*
   43 Cal.App.4th 1101 (1996) ....................................................................... 9

*Agosta v. Astor,*
   120 Cal.App.4th 596 (2004) ....................................................................... 6

*Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.,*
   116 Cal.App.4th 1375 (2004) ..................................................................... 3

*Arnolds Management Corp. v. Eischen,*
   158 Cal.App.3d 575 (1984)......................................................................... 8

*Auerbach v. Great Western Bank,*
   74 Cal.App.4th 1172 (1999) ....................................................................... 4

*Beckwith v. Dahl,*
   205 Cal.App.4th 1039 (2012) ................................................................... 11

*Biancalana v. T.D. Service Co.,*
   56 Cal.4th 807 (2013) ................................................................................. 9

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF

*Brown v. Busch,*
   152 Cal.App.2d 200 (1957) ................................................................. 8

*Cadlo v. Owens-Illinois, Inc.,*
   125 Cal.App.4th 513 (2004) ............................................................... 11

*Cal–Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,*
   20 Cal.4th 163 (1999) ...................................................................... 13

*Debrunner v. Deutsche Bank Nat'l Trust Co.,*
   204 Cal.App.4th 433 (2012) ............................................................ 1, 9

*Engalla v. Permanente Medical Group, Inc.,*
   15 Cal.4th 951 (1997) ...................................................................... 11

*Foley v, Interactive Data Corp.,*
   47 Cal.3d 654 (1988) ........................................................................ 6

*Fontenot v. Wells Fargo Bank, N.A.*
   198 Cal.App.4th 256 (2011) ............................................................... 1

*Gil v. Bank of Am., Nat'l Ass'n,*
   138 Cal.App.4th 1371 (2006) ........................................................... 10

*Guz v. Bechtel Nat'l, Inc.,*
   24 Cal.4th 317 (2000) ........................................................................ 6

*Jenkins v. JP Morgan Chase Bank, N.A.,*
   216 Cal.App.4th 497 (2013) ............................................................... 1

*Karlsen v. American Savings and Loan Ass'n,*
   15 Cal.App.3d 112 (1971) .................................................................. 8

*Krantz v. BT Visual Images, LLC.,*
   89 Cal.App.4th 164 (2001). ............................................................... 14

*Levy v. State Farm Mut. Auto. Ins. Co.,*
   150 Cal.App.4th 1 (2007) ................................................................... 3

*Love v. Fire Ins. Exchange,*
   221 Cal.App.3d 1136 (1990) ............................................................... 6

*Lueras v. BAC Home Loans Servicing, LP,*
   221 Cal.App.4th 49 (2013) ................................................................. 6

*Mabry v. Superior Court,*
   185 Cal.App.4th 208 (2010) ............................................................. 13

*McKell v. Washington Mutual, Inc.,*
   142 Cal.App.4th 1457 (2006) ............................................................. 3

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF

*Melendrez v. D & I Investment, Inc.,*
   127 Cal.App.4th 1238 (2005) ................................................................ 7, 8

*Mitsui Manuf. Bank v. Superior Court,*
   212 Cal.App.3d 726 (1989) ...................................................................... 6

*Moeller v. Lien,*
   25 Cal.App.4th 822 (1994) ....................................................................... 7

*Nguyen v. Calhoun,*
   105 Cal.App.4th 428 (2003) ..................................................................... 7

*Nymark v. Heart Fed. Savings & Loan Assn.,*
   231 Cal.App.3d 1089 (1991) ..................................................................... 7

*Pasadena Live, LLC v. City of Pasadena,*
   114 Cal.App.4th 1089 (2004) .................................................................... 6

*Patrick v. Alacer Corp.*
   167 Cal.App.4th 995 (2008) .................................................................... 12

*Pease v. Brown,*
   186 Cal.App.2d 425 (1960) ....................................................................... 4

*Rossberg v. Bank of America, N.A.,*
   219 Cal.App.4th 1481 (2013) ................................................................. 1, 3

*Secrest v. Security Nat'l Mortg. Loan Trust,*
   2002-2, 167 Cal.App.4th 544 (2008) ...................................................... 1, 3

*Shuster v. BAC Home Loans Servicing, LP*
   211 Cal.App.4th 505 (2012) ................................................................... 1, 8

*Tarmann v. State Farm Mutual Auto. Ins. Co.,*
   2 Cal.App.4th 153 (1991) ........................................................................ 10

*Waller v. Truck Ins. Exchange, Inc.,*
   11 Cal.4th 1 (1995) .................................................................................. 6

**FEDERAL STATUTES**

12 U.S.C.
   § 2605(i)(3) ............................................................................................ 11

**STATE STATUTES**

California Business & Professions Code
   § 17200.................................................................................................. 13

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

California Civil Code
   § 1550.........................................................................................................................................4
   § 1624(a)(3) ...............................................................................................................................3
   **§** 2923.5 ............................................................................................................................. 13, 14
   § 2924c(e) ...........................................................................................................................8, 9, 12

**RULES**

Federal Rules of Civil Procedure
   9(b) ...................................................................................................................... 1, 10, 11, 13
   12(b)(6) ......................................................................................................................................2

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs'[1] claims can only proceed if the Court enforces an alleged oral agreement to modify a loan Plaintiffs contend they entered into with defendant Green Tree Servicing LLC ("Green Tree"). California courts have consistently held that loans secured by deeds of trust against real property, like Plaintiffs, are subject to the statute of frauds and therefore can only be modified in writing.[2] According to Plaintiffs, there was no writing here. Thus, Green Tree's alleged oral promise to modify the loan was not binding and Plaintiffs' claims fail.

Regardless, Plaintiffs fail to allege that they provided Green Tree with the necessary documents that were needed to complete the modification. Green Tree could not be expected to process a modification for which Plaintiff's failed to provide the necessary information. For this additional reasons, Green Tree was not required to modify the loan.

The fraud claim also fails because none of the communications Plaintiffs had with Green Tree are pled with the requisite specificity required under Federal Rule 9(b), nor can they establish justifiable reliance or resulting damages.

Finally, Plaintiffs quiet title and declaratory relief claims fail because they are based on the incorrect premise that Green Tree has to possess the note in order to enforce the deed of trust and proceed with non-judicial foreclosure. California courts have consistently rejected this theory.[3] Further, to set aside a foreclosure sale Plaintiffs must explain how any alleged defect in the foreclosure process caused them prejudice and they must tender the amount due on the loan.[4] Plaintiffs do neither.

---

[1] Howard and Robin Wallace ("Plaintiffs").

[2] *Rossberg v. Bank of America, N.A.*, 219 Cal.App.4th 1481, 1503 (2013); *Secrest v. Security Nat'l Mortg. Loan Trust*, 2002-2, 167 Cal.App.4th 544, 552 (2008).

[3] *See Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App.4th 497, 513 (2013); *Debrunner v. Deutsche Bank Nat'l Trust Co.*, 204 Cal.App.4th 433, 440 (2012).

[4] *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 272; *Shuster v. BAC Home Loans Servicing, LP* (2012) 211 Cal.App.4th 505, 512.

11293.0380/3240401.1

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## II. FACTUAL BACKGROUND

**A.   LOAN ORIGINATION HISTORY**

On April 3, 2008, Plaintiffs took out a $340,000 loan from GMAC Mortgage LLC ("the loan") secured by real property located at 13701 West View Drive, Sutter Creek, CA ("the property"). RJN at Ex. A. The loan was assigned to Green Tree on March 11, 2013. *Id.* at Ex. B. A notice of default was recorded on May 23, 2013 and a notice of trustee's sale was recorded on December 10, 2013, setting a sale date of January 7, 2014. *Id.* at Exs. C & D. According to the trustee's deed upon sale, which was recorded on March 3, 2014, the sale was postponed until February 24 at which time third party Federal National Mortgage Association ("FNMA") purchased the property. *Id.* at Exs. E & F.

**B.   THE ALLEGED ORAL AGREEMENT TO MODIFY THE LOAN**

According to Plaintiffs, in early 2013, Green Tree told them to stop making payments on the loan. Complaint ("Compl.") at ¶ 19. As loan servicer, this runs contrary to Green Tree's sole function which is to accept and apply payments from borrowers to the account.[5] Plaintiffs fail to offer any basis for why a loan servicer would take action directly opposite to its sole function of obtaining and applying payments on the account.

Plaintiffs made no payments from February through August 2013 while they were allegedly in "loan modification review." *Id.* at ¶ 21. At no point during that time do they allege they submitted any documents or had any communications with Green Tree. In August 2013, Plaintiffs allegedly called Green Tree and were "told" they had been "approved" for a three month "trial modification." *Id.* at ¶ 22. According to Plaintiffs they were told to make three payments and "suppl[y]all the paperwork requested by Green Tree." *Id.* Although they alleged they made the payments (*Id.* at ¶¶ 23-25), they do not contend they ever submitted any documents to Green

---

[5] Federal Lending Law provides an apt description of the function served by loan servicers such as Green Tree: The "receiving [of] any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

1  Tree.

2      According to Plaintiffs, during another call, on November 28, 2013, Plaintiffs were "told"

3  that a permanent modification was forthcoming, which they conclude constituted a "verbal

4  permanent modification." *Id.* at ¶¶ 28-29.  According to Plaintiffs, at no point was there a written

5  agreement.

6      Green Tree allegedly failed to provide a permanent modification and proceeded with a

7  foreclosure sale approximately two months later.  Compl. at ¶¶ 31-40; RJN at Ex. E.

8                              **III. ARGUMENT**

9  **A.    STANDARD ON MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**

10      A complaint may be dismissed pursuant to Rule 12(b)(6) if a plaintiff fails to proffer

11 "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

12 *Twombly*, 550 U.S. 544, 570 (2007).  In ruling on a motion to dismiss, material factual allegations

13 in the complaint are taken as true and construed in the light most favorable to the nonmoving

14 party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1997).

15      However, the Court need not accept conclusory allegations, unwarranted deductions of

16 fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th

17 Cir. 2001); *Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not

18 survive a motion to dismiss). "[A] pleading that offers labels and conclusions or a formulaic

19 recitation of the elements of a cause of action will not [survive a motion to dismiss]." *Ashcroft v.*

20 *Iqbal*, 556 U.S. 662, 678 (2009).  Indeed, a complaint will not suffice if it tenders naked assertions

21 devoid of further factual enhancement. *Id.*  Nor must the court accept as true allegations in the

22 complaint that contradict documents that are attached as exhibits. *Sprewell*, 266 F.3d at 988; *see*

23 *also Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009) ("We are not ... required to accept

24 as true conclusory allegations that are contradicted by documents referred to in the complaint, and

25 we do not necessarily assume the truth of legal conclusions merely because they are cast in the

26 form of factual allegations.")

27 **B.    THE BREACH OF CONTRACT CLAIM FAILS**

28      Plaintiffs allege that Green Tree breached an oral agreement to modify their loan. *See*

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF

1  Compl. at ¶¶ 22, 27-30, 34, 56-62.  The elements of breach of contract are (1) the existence of a

2  contract; (2) performance or excuse for nonperformance of the contract; (3) breach of the contract;

3  and (4) resulting damages.  *Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.,* 116

4  Cal.App.4th 1375, 1390 (2004).  "Facts alleging a breach, like all essential elements of a breach of

5  contract cause of action, must be pleaded with specificity."  *See Levy v. State Farm Mut. Auto. Ins.*

6  *Co.,* 150 Cal.App.4th 1, 5 (2007).

7          The claim fails because modifications to loans secured by deeds of trust are not

8  enforceable unless they are in writing.[6]  Further, according to the Complaint, Plaintiffs did not

9  fully perform the terms of the alleged oral agreement because they never provided the necessary

10  documents to Green Tree.  Dismissal with prejudice is proper.

11      **1.     Oral Agreements To Modify Loans Secured By Deeds Of Trust Are Not
              Enforceable**

12

13          Modifications to loans secured by deeds of trust are subject to the statute of frauds and are

14  therefore unenforceable unless they are in writing.  Cal. Civ. Code, § 1624(a)(3); *Rossberg v. Bank*

15  *of America, N.A.,* 219 Cal.App.4th 1481, 1503 (2013) (dismissing claim for breach of contract

16  based on alleged oral agreement to modify loan secured by deed of trust); *Secrest v. Security Nat'l*

17  *Mortg. Loan Trust,* 2002-2, 167 Cal.App.4th 544, 552 (2008); *accord Juarez v. Suntrust*

18  *Mortgage, Inc.,* 2013 WL 1983111, \*\*16-18 (E.D. Cal. May 13, 2013); *Jones v. CitiMortgage,*

19  *Inc.,* 2013 WL 1704304, \*6 (E.D. Cal. Apr. 19, 2013); *Clark v. Countrywide Home Loans, Inc.,*

20  732 F.Supp.2d 1038, 1043-44 (E.D. Cal. 2010).

21          Here, Plaintiffs' breach of contract claim is barred under the statute of frauds.  According

22  to Plaintiffs, there was no written contract to modify the loan.  Instead, they claim that in August

23  2013 they were "told" that they had been approved for a "trial modification" and if they made

24  _____

    [6] To the extent Plaintiffs contend that there was a written agreement, the claim fails because they
25  have not attached the agreement or sufficiently identify its terms.  *McKell v. Washington Mutual,*
    *Inc.,* 142 Cal.App.4th 1457, 1489 (2006) ("A written contract may be pleaded either by its
26  terms—set out verbatim in the complaint or a copy of the contract attached to the complaint and
    incorporated therein by reference—or by its legal effect. In order to plead a contract by its legal
27  effect, plaintiff must allege the substance of its relevant terms.")

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF

1  three payments under the unidentified terms of the modification and supplied necessary paperwork

2  to Green Tree they would be "approved for a permanent modification." *See* Compl. at ¶ 22.  Upon

3  completing the trial modification, they were allegedly told during a "conference call" that "their

4  modification was now permanent" which they concluded meant they had entered into a "verbal

5  permanent modification" with Green Tree. *Id.* at ¶¶ 27-30.

6          At no point do Plaintiffs allege that their alleged modification, trial or permanent, was

7  reduced to writing.  Put another way, Plaintiffs allege an oral trial modification, then an oral

8  permanent one.  As a result, their breach of contract claim is barred by the statute of frauds.

9          **2.     Plaintiffs Do Not Allege That They Supplied Green Tree With All The**
           **Necessary Paper Work To Obtain A Modification**

10

11         Even if the Court were to ignore the statute of frauds, Plaintiffs still have not stated a claim

12  for breach of contract because they do not allege that they ever provided Green Tree with the

13  necessary paper work to obtain the modification.

14         According to Plaintiffs, under the terms of the oral "trial modification" agreement they

15  were required to "suppl[y] all the paperwork requested by Green Tree" before they would receive

16  a permanent modification.  Compl. at ¶ 22.  At no point do they allege they provided the requested

17  documents.  Instead, they apparently made three payments under the trial agreement and were

18  told during a phone call that the modification was permanent.  *Id.* at ¶ 28.  But according to

19  Plaintiffs, their modification was conditional upon them providing the documents Green Tree

20  required.  The Court should infer from Plaintiffs silence that those documents were never

21  provided.  As a result, even if the alleged oral agreement was enforceable, Green Tree was under

22  no duty to provide a permanent modification.

23  **C.     THE VIOLATION OF COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM FAILS**

24         Plaintiffs allege that Green Tree breached the covenant of good faith and fair dealing

25  because it "den[ied]" them the "benefits of the loan modification agreement" by "induc[ing]" them

26  into not making payments on the loan so they could receive a modification.  Compl. at ¶¶ 77-81.

27         The covenant of good faith and fair dealing, implied by law in every contract, exists

28  merely to prevent one contracting party from unfairly frustrating the other party's right to receive

11293.0380/3240401.1                                5

1   the benefits of the agreement actually made.  *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal.4th 1, 36

2   (1995).  The covenant thus cannot "'be endowed with an existence independent of its contractual

3   underpinnings.'"  *Id.* (quoting *Love v. Fire Ins. Exchange*, 221 Cal.App.3d 1136, 1153 (1990).  As

4   a result, it does not impose substantive duties or limits on the contracting parties beyond those

5   incorporated in the specific terms of their agreement. *Agosta v. Astor*, 120 Cal.App.4th 596, 607

6   (2004); *Pasadena Live, LLC v. City of Pasadena*, 114 Cal.App.4th 1089, 1093–1094 (2004);

7   *accord Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 349-50 (2000).

8           Plaintiffs have not pled the existence of a valid contract and therefore the claim for

9   "Violation of Covenant of Good Faith and Fair Dealing" claim necessarily fails.  *See Foley v,*

10  *Interactive Data Corp.*, 47 Cal.3d 654, 683-684 (1988) ("The implied covenant of good faith and

11  fair dealing rests upon the existence of some specific contractual obligation."); *see also Keen v.*

12  *American Home Mortg. Servicing, Inc.,* 664 F.Supp.2d 1086, 1101 (E.D. Cal. 2009) (dismissing

13  breach of implied covenant of good faith and fair dealing because the plaintiffs had not alleged

14  valid contract); *Banaga v. Taylor Bean Mortg. Co.*, 2011 WL 5056985, **3-4 (N.D. Cal. Oct. 24,

15  2011) (same).  Because the covenant does not arise unless there is a valid contract and the contract

16  at issue here is barred under the statute of frauds, this claim fails.[7]

17  **D.     THE QUIET TITLE AND DECLARATORY RELIEF CLAIMS FAIL**

18          Plaintiffs' claims for quiet title and declaratory relief are premised on the allegation that

19  Green Tree lacked authority to foreclose because it was "not the holder of Plaintiffs' Note."

20  Accordingly, Plaintiffs seek to set aside the foreclosure sale, return the property to them and

21  cancel the loan.  Compl. at ¶¶ 3, 83-89.  These claims fail as a matter of law.

22

23  [7] To the extent Plaintiffs seek tort damages under this claims, the claim fails because lenders, like
    Green Tree, do not fiduciary duties to borrowers, like Plaintiffs.  *Clark*, 732 F.Supp.2d at 1045

24  (citing *Mitsui Manuf. Bank v. Superior Court*, 212 Cal.App.3d 726, 730 (1989) ("A tortuous
    breach of the covenant of good faith and fair dealing claim is limited to situations in which a

25  fiduciary or special relationship exists.")); *See also, Lueras v. BAC Home Loans Servicing, LP*,
    221 Cal.App.4th 49, 63-67 (2013) ("Lenders and borrowers operate at arm's length."): *Nymark v.*

26  *Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1095-96 (1991) ("a financial institution
    owes no duty of care to a borrower when the institution's involvement in the loan transaction does

27  not exceed the scope of its conventional role as a mere lender of money.")

28

1.  **The Trustee's Deed Upon Sale Creates A Rebuttable Presumption That Foreclosure Proceedings Were Conducted Properly**

"A properly conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender." *Moeller v. Lien*, 25 Cal.App.4th 822, 831 (1994). "As a general rule, a trustee's sale is complete upon acceptance of the final bid." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 440–441 (2003). "If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly; this presumption is conclusive as to a bona fide purchaser." *Moeller*, 25 Cal.App.4th at 831 (citations omitted). "A nonjudicial foreclosure sale is accompanied by a common law presumption that it 'was conducted regularly and fairly.'" *Melendrez v. D & I Investment, Inc.*, 127 Cal.App.4th 1238, 1258 (2005) (quoting *Brown v. Busch*, 152 Cal.App.2d 200, 204(1957)). "This presumption may only be rebutted by substantial evidence of prejudicial procedural irregularity." *Melendrez*, 127 Cal.App.4th at 1258.

Here, the trustee's deed upon sale reflects the property was properly sold on February 24, 2014 to bona fide purchaser FNMA. RJN at Ex. E. The Complaint does not point to any defect in the sale indicating it was improper, let alone establish the necessary "substantial evidence" required to set aside the sale. Green Tree's alleged oral promise did not create a binding contract or otherwise prevent the sale from proceeding, nor does it constitute the required showing required to overcome the presumption that the sale was conducted properly. *See Melendrez*, 127 Cal.App.4th at 1261 (affirming trial court's order refusing to set aside foreclosure sale based on alleged breach of oral promise to modify loan).

Further, the sale occurred on February 24, 2014, nearly two months after Plaintiffs were informed that they would not be offered a permanent modification. Compl. at ¶ 39. As a result, Plaintiffs had nearly two months to pay the delinquent amount owed which would have stopped the sale. Cal. Civ. Code § 2924c(e) (borrowers have until five business days prior to the sale date to reinstate the loan by making the past due payments). Because they did not, Green Tree was within its rights to sell the property.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   As a result, Plaintiffs' claims for quiet title and declaratory relief should be dismissed with

2   prejudice.

3       **2.      Plaintiffs Have Not Tendered The Amount Due On The Loan**

4       The claims also fail because Plaintiffs have not alleged they tendered the amount due on

5   the loan.

6       "[A] mortgagor cannot quiet his title against the mortgagee without paying the debt

7   secured." *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934); *Miller v. Provost*, 26 Cal.App.4th

8   1703, 1707 (1994). Put another way, Plaintiffs must "have satisfied [his] obligations under the

9   Deed of Trust" in order to maintain a quiet title action that would, if successful, eliminate the lien

10  created by the deed of trust. *Kelley v. Mortgage Electronic Registration Systems, Inc.*, 642

11  F.Supp.2d 1048, 1057 (N.D. Cal. 2009). Thus, to state facts alleging that they are the rightful

12  owners of the property —an essential element of their claim for quiet title—Plaintiffs must show

13  they repaid the loan. *Id.*; *Allen v. U.S. Bank, Nat. Ass'n* 2013 WL 5587389, at *5 (E.D. Cal., Oct.

14  10, 2013); *see also Aguilar v. Bocci*, 39 Cal.App.3d 475, 477 (1974) (borrower may not quiet title

15  "without discharging his debt. The cloud upon his title persists until the debt is paid.")

16      Plaintiffs seek an order declaring they are the "title owner" of the property and voiding

17  "any liens or encumbrances" of Green Tree. Compl. at ¶ 85. However, at no point do they

18  contend they have tendered the amount due on the loan. Nor do they dispute that they took out the

19  loan and failed to pay the amounts due. Indeed, permitting Plaintiffs to quiet title without

20  requiring tender would allow Plaintiffs to receive the property free and clear despite their

21  undisputed failure to pay the six figure loan. The law does not permit such a windfall.

22      To set aside the completed sale, Plaintiffs must tender the amount owed and because they

23  cannot do so, their claims fail.

24      **3.      Plaintiffs Have Not Alleged How Any Defect In The Foreclosure Caused Them
            Prejudiced**

25

26      Plaintiffs also fail to allege any facts showing any defects in the foreclosure proceeding

27  prejudiced them. It is well-settled that a party challenging a non-judicial foreclosure must show

28  that any defects resulted in prejudice to that party. *See Biancalana v. T.D. Service Co.*, 56 Cal.4th

11293.0380/3240401.1                               8

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF

807, 816 (2013) ("successful challenge to the sale requires evidence of a failure to comply with the procedural requirements for the foreclosure sale that caused prejudice to the person attacking the sale."); *Lona v. Citibank*, N.A., 202 Cal.App.4th 89, 104 (2011) ("the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed").

Plaintiffs do not dispute they agreed to repay the loan, the property could be sold if they did not, or that they failed to make the monthly payments when due. Nor do they contend that they cured the default. The fact that they allegedly were instructed to not make their payments did not prevent them from paying the amount owed on the loan prior to the sale. *See* Cal. Civ. Code § 2924c(e). Nor was Green Tree required to possess the note before it foreclosed. *See Debrunner v. Deutsche Bank Nat'l Trust Co.*, 204 Cal.App.4th 433, 440 (2012); *see also Aquino v. JP Morgan Chase Bank N.A.*, 2014 WL 261836, *2 (N.D. Cal. Jan. 23, 2014).

Put simply, nothing Green Tree did prevented Plaintiffs from bringing the loan current and avoiding foreclosure. As a result, their claims seeking to set aside the sale fail because Plaintiffs were not prejudiced.

## E.    THE FRAUD CLAIM FAILS

The essential elements of fraud are: "misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages." *Gil v. Bank of Am., Nat'l Ass'n*, 138 Cal.App.4th 1371, 1381 (2006). Plaintiffs must include "the who, what, when, where, and how" of the fraud. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). When a claim of fraud is made against a corporation, the complaint "must set forth specific names of the persons who made the misrepresentation, their authority to speak for the corporation, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mutual Auto. Ins. Co.*, 2 Cal.App.4th 153 (1991).

### 1.    Plaintiffs Have Not Sufficiently Identified Any Misrepresentation

According to Plaintiffs, over the course of three phone calls in 2013, Green Tree allegedly agreed to permanently modify their loan if they made three payments and supplied necessary documents to Green Tree. Compl. at ¶¶ 19, 22, 28. There is no allegation Plaintiffs provided the necessary documents. However, even if there was the alleged communications are not pled with

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF

1   requisite particularity required by Federal Rule 9(b).

2         Plaintiffs do not identify when first alleged communication (in which they were instructed

3   to default) occurred. Compl. at ¶ 19. Nor do they identify which Plaintiff spoke to the Green Tree

4   representative or the name of the representative. *Id.* Thus, this allegation is not pled with the

5   requisite specificity required by Rule 9(b). *Vess*, 317 F.3d at 1106.

6         Plaintiffs identify the month the second communication allegedly occurred, but again do

7   not identify which Plaintiff spoke with Green Tree or who they spoke with. *Id.* at ¶ 22. Finally,

8   although Plaintiffs provide the date of the third call, they still omit the remaining information

9   discussed above. Compl. at ¶ 28. These specifics are not only required to state a claim by Rule

10  9(b), but necessary for Green Tree to evaluate the validity of the claim.

11        As a loan servicer, Green Tree's function is to accept payments from borrowers.[8] Thus,

12  the alleged instruction for Plaintiffs to intentionally default on the loan for almost a year (Compl.

13  at ¶¶ 18-22) makes no sense for Green Tree who is in business of obtaining payment from

14  borrowers. Plaintiffs must offer specifics regarding these bizarre allegations so Green Tree can

15  evaluate their merit. They have not done so.

16        Plaintiffs' theory seems to be that Green Tree intentionally chose not to receive payments

17  on a loan for nearly a year so that it could receive presumably reduced "trial" payments from

18  September through November 2013 only to then incur the expense of selling the property. The

19  theory strains reason. As a result, specifics regarding these alleged communications are essential

20  to Plaintiffs claim because (absent some writing not mentioned in the Complaint) they are the

21  entire basis for the alleged fraud.

22        Because Plaintiffs have not identified the alleged misrepresentations sufficiently under

23  Rule 9(b), the claim should be dismissed.

24      **2.**     **Plaintiffs' Cannot Establish Justifiable Reliance**

25        "[T]he mere assertion of 'reliance' is insufficient" to state a claim. *Cadlo v. Owens-*

26  *Illinois, Inc.*, 125 Cal.App.4th 513, 519 (2004). Plaintiffs must show that "the defendant's

27  ───────────

[8] *See* 12 U.S.C. § 2605(i)(3).

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF

misrepresentation is an immediate cause of the plaintiff's conduct, altering his legal relations, and when, absent such a representation, the plaintiff would not, in all reasonable probability, have entered into the transaction." *Id.* (citing *Engalla v. Permanente Medical Group, Inc.*, 15 Cal.4th 951, 976 (1997)). Plaintiffs must also "set forth facts to show that his or her actual reliance on the representations was justifiable, so that the cause of the damage was the defendant's wrong and not the plaintiff's fault." *See Beckwith v. Dahl*, 205 Cal.App.4th 1039, 1066 (2012) (quotations and citations omitted). "There must be more pled than a simple statement plaintiff justifiably relied on the statements." *Id.* at 1066-67. The complaint must contain "allegations of facts showing that the actual inducement of plaintiffs ... was justifiable or reasonable." *Id.* at 1067. Plaintiffs have not identified sufficient facts to show that their alleged reliance on alleged phone calls with Green Tree was reasonable.

First, they do not allege that they ever provided Green Tree with the necessary documents, which they concede was a prerequisite to receiving a permanent modification. Compl. at ¶ 22. Thus, their reliance on an alleged oral statement by Green Tree that they had a "verbal permanent modification" was unreasonable in light of the fact that the documents were not provided. *Id.* at ¶ 30. Second, Plaintiffs do not allege that Green Tree ever promised to stay foreclosure proceedings during the terms of the "trial modification." Indeed, prior to the alleged trial modification, a notice of default was recorded in May 2013. *See* RJN at Ex. C. There is no allegation that they did not receive the notice or indicate that they objected in any way.

Plaintiffs have not sufficiently alleged justifiable reliance.

**3.    Plaintiffs' Alleged Damages Were Caused By Their Failure To Bring The Loan Current Not Green Tree's Alleged Misrepresentation**

Damages is an essential element of fraud. "Misrepresentation, even maliciously committed, does not support a cause of action unless the plaintiff suffered consequential damages." *Patrick v. Alacer Corp.* 167 Cal.App.4th 995, 1016–1017 (2008).

Here, Plaintiffs alleged damages is the foreclosure sale of the property. However, Plaintiffs have not sufficiently alleged that any misrepresentation of Green Tree caused the sale. Plaintiffs do not allege that they were current on the loan when Green Tree allegedly told them to

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF

1    stop making payments.  Indeed, the Complaint indicates they were not.  *See* Compl. at ¶ 18

2    ("Plaintiffs experienced hardships and contacted Green Tree for a modification").  As a result, the

3    sale of the property occurred due to their failure to pay the loan, not because of some alleged oral

4    misrepresentation by Green Tree.

5        Further, as discussed above, Plaintiffs could have cured their default at any time five

6    business days prior to the sale.  *See* Cal. Civ. Code § 2924c(e).  Therefore, if Green Tree's alleged

7    promise was the only reason for them failing to make payments for nearly a year, Plaintiffs could

8    have brought the loan current prior to the sale by tendering the payments they skipped.  They did

9    not.  That is why the sale occurred.

10       Because Plaintiffs damages were caused by their failure to bring the loan current and

11    therefore the claim fails.  *See Hafiz v. Nationstar Mortgage*, 2014 WL 786279, *3 (N.D. Cal. Feb.

12    20, 2014) (dismissing borrower's negligence claim: "Plaintiff fails to allege damages – she does

13    not appear to dispute the fact that she was in default, nor does she allege that she could have

14    become current on her loan obligation were it not for Defendants' alleged negligence").

15   **F.**      **THE UCL CLAIM FAILS AS A MATTER OF LAW**

16       Under Section 17200, unfair competition is defined as "any unlawful, unfair or fraudulent

17    business act or practice" and "unfair, deceptive, untrue or misleading advertising."  *See* Cal. Bus.

18    & Prof. Code § 17200.  A business practice is "unlawful" under section 17200 if it violates an

19    underlying state or federal statute or common law.  *See Cal–Tech Commc'ns, Inc. v. Los Angeles*

20    *Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999).  An act is "unfair" if the act "threatens an incipient

21    violation of a [competition law], or violates the policy or spirit of one of those laws because its

22    effects are comparable to or the same as a violation of the law."  *Id.* at 187.  To the extent the

23    claims sound in fraud, they are subject to the heightened pleading standards of Rule 9(b).  *See*

24    *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

25        **1.**    **Section 2923.5 Of The Civil Code Does Not Require Green Tree To Offer**
26            **Plaintiffs A Modification**

27       Citing section 2923.5 of the Civil Code, Plaintiffs allege that "failing and refusing to offer

28    a reasonable loan modification" constitutes "deceptive business practice" under the UCL.  Compl.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF

at ¶ 68.  However, section 2923.5 does not require lenders to offer loan modifications to borrowers.  *Mabry v. Superior Court*, 185 Cal.App.4th 208, 214 (2010) ("There is nothing in section 2923.5 that requires the lender to rewrite or modify the loan.")  As a result, the alleged failure to offer a modification does not constitute a "deceptive" practice as a matter of law.  *See Krantz v. BT Visual Images*, L.L.C., 89 Cal.App.4th 164, 178 (2001) (the viability of a UCL claim stands or falls with the antecedent substantive causes of action).

### 2.     The UCL Claim Is Derivative Of Plaintiffs' Other Claims

Other than the reference to section 2923.5, Plaintiffs' UCL claim is based entirely on the other causes of action and therefore should be dismissed for the reasons stated above.  *Krantz*, L.L.C., 89 Cal.App.4th at 178; *see also Ogilvie v. Select Portfolio Servicing*, 2012 WL 4891583, *9 (N.D. Cal. Oct. 12, 2012) (dismissing borrower's UCL claim in wrongful foreclosure action on grounds it was "wholly derivative" of other causes of action that failed); *Harvey v. Bank of America, N.A.*, 2013 WL 632088, *6 (N.D. Cal. Feb. 20, 2013) (same).

### IV.  CONCLUSION

The Complaint fails to state a claim upon which relief may be granted for the reasons set forth above.  Accordingly, Green Tree requests that the Motion to Dismiss Plaintiffs' Complaint be granted with prejudice and judgment be entered in favor of Green Tree.


DATED:  June 6, 2014            SEVERSON & WERSON
                                A Professional Corporation


                                By:   _/s/R. Travis Campbell_
                                        R. Travis Campbell

                                Attorneys for Defendant
                                GREEN TREE SERVICING LLC

11293.0380/3240401.1
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF